ALTON M. JOHNSON CO., a/k/a Alton M. Johnson Company, judgment creditor, Petitioner, Respondent,

and

Gary Frederickson, Intervenor, Respondent,

v.

M.A.I. COMPANY, formerly Mutual Agency, Inc., et al., Judgment Debtors,

and

Employers Reinsurance Corporation, garnishee, Petitioner, Appellant.

No. C3–89–1042.

Supreme Court of Minnesota.

Nov. 21, 1990.

Peter Lind, Foster, Waldeck & Lind, Ltd., Minneapolis, for appellant.

Vicki Rizzolo, American Family Ins., Eden Prairie, Marcus Christianson, Christianson, Stoneberg, Giles & Myers, Marshall, for respondent.

Peter W. Riley, DeParcq, Hunegs, Stone, Koenig & Reid, P.A.; R.M. Blanchard, William M. Hart, Raymond L. Tahnk–Johnson, Meagher & Geer; Phillip A. Cole, Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, and Kathleen Mock, Ins. Federation of Minnesota, St. Paul, for amicus curiae.

SIMONETT, Justice.

In this appeal, the garnishee insurer claims it was erroneously denied a jury

trial on whether the *Miller–Shugart* settlement made by its insured with the injured claimant was a reasonable settlement, hence binding on the insurer.[1] We agree with the trial court and the court of appeals that "reasonableness" was not a jury issue, and affirm.

The litigation leading up to this case needs to be briefly related. The Alton M. Johnson Company (Johnson Company) was served with suit papers in a serious personal injury case commenced by claimant Gary Frederickson. Johnson Company discovered it did not have coverage under its liability policy for the Frederickson claim,[2] so it hired legal counsel and defended the personal injury suit at its own expense. The result was a verdict, reduced for comparative fault, of $320,000. In addition, Johnson Company incurred attorney fees of $70,000 and suit expenses of $25,000, plus preverdict and postverdict interest. The total liquidated liability was in excess of $400,000.

This precipitated more litigation. Johnson Company commenced a lawsuit against LeRoy Larson, its insurance agent, and M.A.I. Company (Mutual Agency Insurance), the insurance agency for which Larson worked. We will refer to these defendants collectively as the Mutual Agency. Johnson Company alleged that its insurance agent had negligently failed to provide it with "tail" coverage (*see* footnote 2), and that it had thereby sustained damages in excess of $400,000. Mutual Agency tendered defense of the lawsuit to its errors and omissions carrier, Employers Reinsurance Corporation; the carrier, however, denied coverage on the grounds it had not received notice of the claim within the policy period. Rather than try the lawsuit, Johnson Company and Mutual Agency entered into a *Miller–Shugart* settlement.

Defendant Mutual Agency stipulated that plaintiff Johnson Company could enter judgment against it for $300,000, the limits of the errors and omissions policy; Mutual Agency also assigned whatever rights it might have under its policy to Johnson Company. In turn, Johnson Company agreed it would not seek collection of its judgment from Mutual Agency personally. Employers Reinsurance was informed of these settlement negotiations but declined to get involved.

We now arrive at the litigation giving immediate rise to this appeal. Judgment for $300,000 having been entered in favor of plaintiff and against defendants, plaintiff Johnson Company filed a supplemental complaint in garnishment against Employers Reinsurance, as garnishee.

The trial court separated the two issues presented by the garnishment action as follows: (1) whether there was errors and omissions coverage for Johnson Company's claim; and (2) whether the *Miller–Shugart* judgment was reasonable so as to be collectible by the judgment creditor under the errors and omissions coverage. As it happened, the trial court tried the "reasonableness" issue first. Over the garnishee's objection, the case was tried to the court without a jury, and the trial court found the settlement to be reasonable. Next the trial court tried the coverage issue as a jury case. The jury found notice of claim had been duly given to the insurer so that there was coverage. The trial court ordered judgment entered in favor of plaintiff Johnson Company and against garnishee Employers Reinsurance for $300,000, plus interest, plus $16,250 for attorney fees in pursuing the insurance coverage issue.

On appeal the court of appeals held that the reasonableness of the *Miller–Shugart* settlement was properly tried without a

---

**1.** In a *Miller–Shugart* settlement, the insured, having been denied any coverage for a claim, agrees claimant may enter judgment against him for a sum collectible only from the insurance policy. To be binding on the insurer if policy coverage is found to exist, the settlement amount must be reasonable. This settlement arrangement takes its name from *Miller v. Shugart,* 316 N.W.2d 729 (Minn.1982).

**2.** The product which allegedly caused Frederickson's injuries was sold by Johnson Company during the policy period of its products liability coverage; the accident giving rise to the personal injury claim occurred, however, after the policy period. The liability insurance policy in force at the time the claim arose did not have "tail" coverage to cover the claim.

jury and affirmed the trial court's findings of a reasonable settlement. The court of appeals also affirmed the award of attorney fees to Johnson Company, but reversed the trial court's award of prejudgment interest against the garnishee. *Alton M. Johnson Co. v. M.A.I. Co.*, 451 N.W.2d 651 (Minn.App.1990). We granted the petition for further review of the garnishee, Employers Reinsurance. Johnson Company's petition for review, wherein it claimed the court of appeals erred in denying it prejudgment interest, was also granted.

## I.

The sole issue raised by the garnishee insurer is whether it was entitled to a jury trial on the reasonableness of the *Miller–Shugart* settlement.

■ The court of appeals in several cases has held that reasonableness is an issue for the court. *See Hartfiel v. McLennan*, 430 N.W.2d 215, 220 (Minn. App.1988); *Traver v. Farm Bureau Mutual Ins. Co.*, 418 N.W.2d 727, 732 (Minn. App.1988), *pet. for rev. denied* (Minn. Apr. 15, 1988); *Osgood v. Medical, Inc.*, 415 N.W.2d 896, 903 (Minn.App.1987), *pet. for rev. denied* (Minn. Feb. 12, 1988). We agree. We might observe, in passing, that reasonableness is not a "question of law" here but a question of fact; it is an issue of fact, however, to be decided by the court as the factfinder.[3]

In *Miller v. Shugart*, 316 N.W.2d at 735, we said:

> The test as to whether the settlement is reasonable and prudent is what a reasonably prudent person in the position of the defendant would have settled for on the merits of plaintiff's claim. This involves a consideration of the facts bearing on the liability and damage aspects of plaintiff's claim, as well as the risks of going to trial.

A jury trial is guaranteed in those types of cases thought to be "legal" rather than "equitable" at the time of the adoption of our constitution. *Rognrud v. Zubert*, 282

Minn. 430, 165 N.W.2d 244, 247 (Minn.1969) (no entitlement to a jury trial in an action for specific performance). Employers Reinsurance argues this case is no different than a historically "legal" action for the recovery of money. We believe, however, this case is more accurately portrayed as an action to enforce an agreement against an indemnifier who was not a party to the agreement. The decisionmaker is being asked to apply its sense of fairness to evaluate a compromise of conflicting interests, a characteristic role for equity. In short, this action is more like an action in equity, which traditionally is tried to the court. *Id.*

Moreover, the nature of the evidence does not lend itself well to appraisal by a jury. The ultimate issue to be decided is the reasonableness of a settlement which avoids a trial. Reasonableness, therefore, is not determined by conducting the very trial obviated by the settlement. Consequently, the decisionmaker receives not only the customary evidence on liability and damages but also other evidence, such as expert opinion of trial lawyers evaluating the "customary" evidence. This "other evidence" may include verdicts in comparable cases, the likelihood of favorable or unfavorable rulings on legal defenses and evidentiary issues if the tort action had been tried, and other factors of forensic significance. The evaluation of this kind of proof is best understood and weighed by a trial judge.

■ One other matter needs to be discussed. If the insurer's denial of coverage is sustained, *i.e.*, if there is found to be no coverage for the *Miller–Shugart* judgment, that ends the matter; there is no recovery against the insurer and the reasonableness of the settlement becomes a moot issue. On the other hand, if coverage is established, what happens if the *Miller–Shugart* settlement is found not to be reasonable? While this issue is not directly before us now, the question does bear on the overall nature of the action as it relates to whether a jury trial is ever required.

---

3. In *Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1986), the case came to us on summary judgment granted the insured on the validity of the settlement. We determined there was no need to remand to the trial court to decide reasonableness because the facts in the record, as a matter of law, established that the settlement amount was reasonable. *Id.* at 736.

Amicus Lawyers Mutual Insurance Company argues that if the settlement is found to be unreasonable, the insurer should be exonerated of any liability under its policy and the action is at an end. We think the trial courts deserve guidance on this question and that it is appropriate to deal with it here.

Underlying the insurer's argument that an unreasonable settlement should completely defeat the judgment creditor's claim is the realization that such settlements are not made at arms' length. As we noted in *Miller v. Shugart,* the exposed insured has no incentive to drive a hard bargain; to avoid personal liability, the insured has no compunction to agreeing that judgment may be entered against him for the policy limits, even if the claim is worth much less than the policy limits, if it is worth anything. 316 N.W.2d at 735.

Three possible alternatives that might be taken if a *Miller–Shugart* release is found to be unreasonable are: (1) dismiss the action against the insurer; (2) let the trial court decide what lesser award of damages is reasonable and, therefore, collectible against the insurer; or (3) hold the settlement unenforceable and reinstate for trial the plaintiff's tort claim against the defendant insured.

We adopt the middle ground proposed by the third alternative. *Cf. Hennings v. State Farm Fire & Cas. Co.,* 438 N.W.2d 680, 686 (Minn.App.1989), *pet. for rev. denied* (Minn. June 9, 1989) (taking similar approach). Insurance coverage for the claim having been established and the stipulated settlement being unenforceable, it seems fairest to return the parties to the even footing of a trial on the merits of the main action. The fact that such a trial is a possibility, with its attendant delay, expense and risk, may help deter overreaching in the negotiation of a *Miller–Shugart* settlement. At the same time, the harsh overkill of a forfeiture of the main action is avoided. If there is a trial of the tort claim, then, of course, a party is entitled to a jury.

## II.

Respondent Johnson Company contends it is entitled to the prejudgment interest which the trial court granted but the court of appeals took away. By prejudgment interest, Johnson Company means interest on $300,000 prior to entry of judgment in the garnishment proceedings against the garnishee.

We do not think interest on the stipulated judgment qualifies as postjudgment interest; unlike a regular garnishment proceeding, the judgment in the main action here is only inchoate because its reasonableness remains to be proven by the judgment creditor. The stipulated judgment sought to be enforced under the garnishee's indemnity policy does, however, represent pecuniary damages, and, consequently, it seems to us this is the kind of action where prejudgment interest applies from the time of the commencement of the garnishment action to entry of the garnishment judgment. Minn.Stat. § 549.09, subd. 1(b) (1990). We do not understand Employers Reinsurance to claim that its policy precludes coverage for prejudgment interest allowed by law.

We reverse the court of appeals' contrary ruling and reinstate the trial court's award of prejudgment interest from the date the garnishment action was commenced.

One further matter. Amicus Insurance Federation contends that Johnson Company is not entitled to recover attorney fees in establishing insurance coverage in this proceeding. The problem we have with this issue is that while it was raised by appellant Employers Reinsurance Corporation before the court of appeals, appellant has chosen not to raise the issue before us. The question raised by amicus is not so closely entwined with issues properly before us that its resolution is needed for a proper disposition of this case. We decline, therefore, to consider it.

Affirmed in part and reversed in part.

COYNE, Justice, took no part in the consideration or decision of this case.