981 F.2d 313
 Raymond W. ASWEGAN, Appellee,
v.
John HENRY, Deputy Warden; John Emmett; Lt. Anderson;
Sgt. Gutman; Robert Washington; and Roger
Lawson, Appellants.
Dan HARRIS, Appellee,
v.
Robert W. STAUB; Steve Parkins; Robert Umthum, Appellants.
 Nos. 92-1485, 92-1720.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 12, 1992.
Decided Dec. 2, 1992.
 
 Suzie A. Berregaard Thomas, Des Moines, IA, argued (Bonnie J. Campbell, Atty. Gen. of Iowa, on the brief), for appellants.
 Scott A. Sobel, Des Moines, IA, argued for appellee.
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 The Iowa State Penitentiary (ISP) prohibits prisoners from making toll free telephone calls, even if the calls are to their attorneys' 1-800 numbers. In separate actions, prisoners Raymond W. Aswegan and Dan Harris seek preliminary and permanent injunctive relief contending this policy denies them access to the courts. The district court issued preliminary injunctive relief, and the ISP prison officials appeal. We vacate the preliminary injunctions and remand.
 
 
 2
 Although the record is not fully developed, some facts are not in dispute. The ISP general population prisoners may make an unlimited number of collect telephone calls to their attorneys, and segregation prisoners may make two collect telephone calls per week. The ISP has special telephones for prisoners' collect calls, and each call is limited to ten minutes. The ISP allows unlimited correspondence and personal visits between prisoners and their attorneys. Prisoners also have access to a law library and may seek assistance from other prisoners through the jailhouse lawyer system.
 
 
 3
 Although the ISP allows collect telephone calls, Aswegan's attorney insists that his prisoner clients use his toll free number. This attorney now refuses to accept collect calls. According to Harris's attorney, the district court has ordered him not to accept collect calls because of their cost to a pro bono fund established by the district court. Thus, we have a situation in which the prison's collect call option is impeded by the prisoners' own attorneys. Nevertheless, Aswegan and Harris use the other available methods to contact their attorneys, and they do not allege the lack of toll free access to their attorneys adversely affects their ability to file papers, meet legal deadlines, or process matters in litigation.
 
 
 4
 We review the district court's preliminary injunctive orders for abuse of discretion or misplaced reliance on an erroneous legal premise. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir.1989) (en banc). In deciding whether to vacate the preliminary injunctions, we consider the following factors: (1) the threat of irreparable harm to Aswegan or Harris; (2) the balance between this harm and any injury an injunction would inflict on the ISP; (3) the probability that Aswegan or Harris will succeed on the merits; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir.1981) (en banc). Although no single factor is determinative when balancing the equities, a lack of "irreparable injury is sufficient grounds for vacating a preliminary injunction." Modern Computer, 871 F.2d at 738.
 
 
 5
 After reviewing the record, we conclude the district court abused its discretion in issuing the preliminary injunctions. Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use. Bounds v. Smith, 430 U.S. 817, 823, 832, 97 S.Ct. 1491, 1495, 1500, 52 L.Ed.2d 72 (1977); cf. Benzel v. Grammer, 869 F.2d 1105, 1108 (8th Cir.), cert. denied, 493 U.S. 895, 110 S.Ct. 244, 107 L.Ed.2d 194 (1989). The ISP need only provide access that is adequate, effective, and meaningful when viewed as a whole. Bounds, 430 U.S. at 822, 832, 97 S.Ct. at 1495, 1500. Aswegan and Harris use the ISP's existing methods for access to the courts and have shown neither irreparable harm nor prejudice from the ISP's toll free telephone number policy. See Modern Computer, 871 F.2d at 738; Dataphase, 640 F.2d at 114 n. 9; see also Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991).
 
 
 6
 Accordingly, we vacate the preliminary injunctions and remand to the district court for further proceedings.