**Alfred BURBACH, Respondent,**

v.

**ARMSTRONG RIGGING AND ERECTING, INC., a Minnesota corporation, Defendant,**

v.

**CAROLINA CASUALTY, a foreign corporation, garnishee, Appellant.**

No. C2-96-1634.

Court of Appeals of Minnesota.

March 4, 1997.

John L. Tamborino, Sahr, Kunert & Tamborino, Minneapolis, for Respondent.

Robert M. McGuire, Andrea E. Reisbord, Cousineau, McGuire & Anderson, Chartered, Minneapolis, for Appellant.

Considered and decided by SCHUMACHER, P.J., and KLAPHAKE and FORSBERG,*JJ.

## OPINION

KLAPHAKE, Judge.

Alfred Burbach sued Armstrong Rigging and Erecting (Armstrong) for personal injuries that were allegedly caused by an Armstrong employee. Armstrong and its insurer, Continental Casualty (Continental), settled with Burbach pursuant to a so-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

called *Miller–Shugart* agreement, whereby Burbach released his claims against Armstrong and Continental and agreed to pursue his action solely against his employer's insurer, Carolina Casualty (Carolina). Burbach then brought this supplemental complaint in garnishment against Carolina. The district court granted summary judgment in favor of Burbach and against Carolina, concluding that Armstrong was an insured under Carolina's policy, that no policy exclusions applied, that Carolina had denied a tender of defense, that Carolina had received adequate notice of the purported *Miller–Shugart* agreement, and that the agreement was reasonable and not the product of fraud or collusion. Because we conclude that the agreement was not a valid *Miller–Shugart* settlement, we reverse and remand.

## FACTS

Marquardt Transportation (Marquardt) was hired to move equipment and machinery from Minneapolis to South Dakota. Armstrong was hired to load the equipment and machinery onto Marquardt's trailers.

On March 17, 1987, a Marquardt employee, Alfred Burbach, noticed that a trailer was improperly loaded. He attempted to shift the load himself, and a cabinet fell on his legs, causing severe and permanent injury. Burbach sued Armstrong, and Continental defended Armstrong without a reservation of rights.

Continental claimed that because Armstrong was a permissive user of Marquardt's trailers, Armstrong was also an omnibus insured under Marquardt's policy with Carolina. Continental, Armstrong, and Burbach entered into a purported *Miller–Shugart* settlement, whereby Burbach released Armstrong from any personal liability, Armstrong stipulated to a judgment against it in the amount of $825,000, and Burbach agreed to seek recovery from Carolina for the amount of the judgment.

After the settlement, Burbach moved to file a supplemental complaint in garnishment against Carolina. The district court granted Burbach's motion, finding probable cause to believe that Burbach had a cause of action against Carolina. The parties moved for summary judgment, and the district court ordered judgment in favor of Burbach and against Carolina.

## ISSUE

Did the district court err by concluding that the purported *Miller–Shugart* settlement was a valid agreement?

## ANALYSIS

On appeal from a summary judgment, we review the evidence in the light most favorable to the non-moving party to determine whether the district court erred by resolving factual issues or whether the court erred in its application of the law. *See Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn. 1992).

■ The supreme court has approved a settlement whereby an insured stipulates to a money judgment in favor of a plaintiff, the plaintiff releases the insured from personal liability, and the plaintiff agrees to seek coverage from the insurer. *Miller v. Shugart*, 316 N.W.2d 729 (Minn.1982). A *Miller–Shugart* settlement that is reasonable and that is not the product of fraud or collusion is enforceable against an insurer who receives notice of the settlement. *See Brownsdale Co-op. Ass'n v. Home Ins. Co.*, 473 N.W.2d 339, 341 (Minn.App.1991), *review denied* (Minn. Sept. 25, 1991).

■ Burbach claims that Carolina was not entitled to notification of the *Miller–Shugart* settlement because Carolina had breached its duty to defend. *See id.* (holding that insurer's breach of duty to defend released insured from reciprocal duty to cooperate). Burbach also claims that Carolina was notified of the settlement negotiations. We need not reach these issues, however, because we conclude the parties' agreement was not a valid *Miller–Shugart* settlement.

In a typical *Miller–Shugart* situation, the insurer is attempting to avoid defending and indemnifying the insured. The insured who faces the loss of defense and indemnification may protect himself by settling with the plaintiff; if the insured is offered a settle-

ment that relieves him of personal liability, it is in his best interest to accept the offer. *Miller v. Shugart,* 316 N.W.2d at 733–34. Those are not the facts of this case.

Instead, Armstrong, the insured who agreed to a judgment against it, was at all times represented by Continental, which was willing to pay $212,000.[1] Armstrong itself was not, at the time of the settlement, in danger of incurring personal liability. A *Miller–Shugart* settlement is a narrowly-crafted remedy that protects an insured against a plaintiff's claim. *See id.* at 733. Such protection was unnecessary here, where Armstrong was represented and insured by Continental.

In *Koehnen v. Herald Fire Ins. Co.,* 89 F.3d 525 (8th Cir.1996), as here, the defendant insured was represented by one insurer, but also claimed insurance by a second insurer, who denied coverage. The insured entered into a so-called *Miller–Shugart* settlement, agreeing that the plaintiff would relieve the insured from personal liability and pursue recovery against the second insurer who had denied coverage.

The *Koehnen* court pointed out that an insured who agrees to a *Miller–Shugart* settlement will have no incentive to drive a hard bargain, because in return for a judgment against the insured, the plaintiff agrees that the insured will not be personally liable. *See id.* at 529 (citing *Alton M. Johnson Co. v. M.A.I. Co.,* 463 N.W.2d 277, 280 (Minn. 1990)). The court noted that the effect of the settlement was to shift the entire risk from one insurer to another. Under those circumstances, the court concluded that the settlement was collusive as a matter of law. *See id.* at 530.

We agree with the *Koehnen* court that it was never the intent of *Miller–Shugart* to shift the risk of defense and coverage from one insurer to another, and we decline to extend *Miller–Shugart* to the facts of this

case. We leave such an extension to the supreme court, should it be so inclined.[2]

In sum, we conclude the agreement was not a valid *Miller–Shugart* settlement and therefore was unenforceable. But even if we were to conclude that the purported *Miller–Shugart* settlement was valid, we would nevertheless conclude that the agreement was unreasonable as a matter of law. A settlement is not binding on the insurer if it is not reasonable and prudent or if it is the product of fraud or collusion. *Miller v. Shugart,* 316 N.W.2d at 732–36. If the amount of the settlement is not reasonable and prudent, the settlement becomes unenforceable, and the matter should be reinstated for trial. *Alton M. Johnson Co.,* 463 N.W.2d at 280.

Burbach had the burden of proving that the settlement was reasonable and prudent. *See Miller v. Shugart,* 316 N.W.2d at 735 (stating that plaintiff had burden of proving settlement was reasonable and prudent). The test for "reasonableness" is "what a reasonably prudent person in the position of the defendant would have settled for on the merits of plaintiff's claim." *Id.* A determination of "reasonableness" requires consideration of the facts bearing on liability and damages, as well as the risks of a trial. *Id.* "Reasonableness" is a question of fact, to be decided by the court as fact-finder. *Alton M. Johnson Co.,* 463 N.W.2d at 279.

The district court concluded that the parties' settlement for $825,000 was reasonable. The court based its finding of reasonableness upon evidence of Burbach's injuries and his expert attorney's opinion that a jury could reasonably be expected to award between $750,000 and $1 million. The court applied the wrong standard. The court should have addressed the relative liability of the parties, the risks of trial, and, perhaps most importantly, whether a reasonable and prudent defendant would have settled for $825,000. The district court did not address

---

1. We note that the parties' agreement was not a true *Miller–Shugart* settlement in this respect; Continental agreed that if Burbach recovered nothing from Carolina, Burbach would not repay Continental's loan to Burbach of $212,000 and would file a satisfaction of judgment.

2. We do note that the supreme court has commented that a *Miller–Shugart* settlement may not be appropriate under circumstances similar to those in the present case. *See Employers Mut. Co. v. Oppidan,* 518 N.W.2d 33, 37 (Minn.1994).

the fact that Burbach had previously submitted a settlement offer for $425,000. The court also failed to address an affidavit by Carolina's expert attorney indicating that the $825,000 settlement amount was unreasonable.

We are struck by the lack of apparent reasonableness where Burbach had offered to settle for approximately one-half of the final settlement amount. The fact that the settlement amount was twice what Burbach had previously requested provides unrefutable evidence that the settlement was unreasonable.

### DECISION

The purported *Miller–Shugart* settlement was invalid as a matter of law. But even if the settlement were valid, the facts would require us to conclude that the amount of the settlement was inherently unreasonable.

**Reversed and remanded.**