Wesley Ross MULLINS, (C6–00–170), Ronaldo Ligons, (C2–00–358), Michael Williams, (C8–00–378), Daniel Hendrickson, (C9–00–390), Appellants,

v.

Susan CHURCHILL, et al., Respondents.

Nos. C6–00–170, C2–00–358, C8–00–378 and C9–00–390.

Court of Appeals of Minnesota.

Sept. 5, 2000.

Wesley R. Mullins, Stillwater, MN (pro se appellant).

Teresa Nelson, Minnesota Civil Liberties Union, Minneapolis, MN; and James Manahan, Mankato, MN; and Peter Erlinder, pro hac vice, William Mitchell College of Law, St. Paul, MN (for appellant Ronaldo Ligons).

Michael Williams, Stillwater, MN (pro se appellant).

Daniel Hendrickson, Stillwater, MN (pro se appellant).

Mike Hatch, Attorney General, Jennifer K. Park, Assistant Attorney General, St. Paul, MN (for respondent).

Considered and decided by WILLIS, Presiding Judge, RANDALL, Judge, and PARKER, Judge.*

## OPINION

RANDALL, Judge.

Appellants, who are inmates at state correctional facilities, challenge summary judgment granted to prison officials and employees in consolidated actions in which three of four appellants alleged prison personnel violated Minn.Stat. § 481.10 (1998),

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

which states that inmates must be afforded "reasonable telephone access" to an attorney. The fourth appellant, who is also a prison inmate, raised a negligence claim against prison personnel and asserts on appeal that the district court failed to address his claim. We affirm.

## FACTS

Appellants Wesley Ross Mullins, Ronaldo Ligons, and Daniel Hendrickson, who are all inmates in state correctional facilities, filed conciliation court actions, asserting that prison officials and employees violated Minn.Stat. § 481.10 (1998) by failing to grant appellants' requests for free, unmonitored telephone calls to their attorneys. Each of these appellants sought $100 per denial, as prescribed by statute. Ligons was awarded $100 in conciliation court, but this judgment was vacated when the case was removed to district court. Appellant Michael Williams, who is also a prison inmate, asserted negligence by prison personnel, who denied his requests to make telephone calls for legal matters, and sought $7,500 in damages. All appellants' actions were later moved to district court and consolidated.

The district court awarded respondents summary judgment, concluding appellants were not entitled to civil damages described in the statute because respondents had not been criminally convicted for violating Minn.Stat. § 481.10. The district court further determined that appellants were provided reasonable telephone access as required by the statute. Appellants filed separate notices of appeal, and this court consolidated their appeals.

## ISSUES

1. Did the district court erroneously interpret Minn.Stat. § 481.10 (1998) when it concluded that a civil recovery is not available under the statute absent a prior criminal conviction under the statute?

2. Do the Department of Corrections and correctional facility policies violate Minn.Stat. § 481.10?

3. Did the district court err by failing to specifically address appellant Williams's negligence claim?

## ANALYSIS

On appeal from summary judgment, the appellate court determines whether genuine issues of material fact exist and whether the district court erroneously applied the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The reviewing court "must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citation omitted).

### I.

Ligons first asserts that the district court erroneously interpreted Minn.Stat. § 481.10 (1998) when it concluded that a civil recovery is not available under the statute absent a prior criminal conviction under the statute.[1] On this issue, we agree with Ligons.

■ Statutory interpretation is a legal determination reviewed de novo on appeal. *State v. Loge,* 608 N.W.2d 152, 155 (Minn. 2000). The statute at issue states in relevant part:

At all times through the period of custody, whether or not the person restrained has been charged, tried, convicted, or is serving an executed sentence, reasonable telephone access to the attorney shall be provided to the person restrained at no charge to the attorney or to the person restrained. Every officer or person who shall violate any provision of this section shall be guilty of a misdemeanor and, in addition to the punishment prescribed therefor shall forfeit

1. Neither Mullins nor Hendrickson addresses this issue on appeal. Williams did not make a claim under Minn.Stat. § 481.10 (1998) and, therefore, does not address the statute's construction on appeal.

$100 to the person aggrieved, to be recovered in a civil action.

Minn.Stat. § 481.10 (1998).[2]

■ When a statute is unambiguous, its plain meaning is applied. *State by Beaulieu v. RSJ, Inc.,* 552 N.W.2d 695, 701 (Minn.1996). If a statute is ambiguous, the court must ascertain "the probable legislative intent and give the statute a construction that is consistent with that intent." *Tuma v. Commissioner of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn.1986) (citation omitted).

The district court concluded that, under this statute, similar to criminal-forfeiture statutes, a civil recovery cannot be had until there has been a criminal conviction. The district court compared Minn.Stat. § 481.10 with the following forfeiture statutes: Minn.Stat. §§ 609.762, subd. 4, 609.5312, subd. 4, and 609.905, subd. 1 (1998). The first of these, Minn.Stat. § 609.762, subd. 4, involves the forfeiture of gambling devices, prizes, and proceeds and describes the procedure for obtaining such property. It states, "Property must be forfeited *after a conviction* for a gambling violation * * * ." *Id.* (emphasis added). Minn.Stat. § 609.5312, subd. 4, provides that a motor vehicle used to flee a police officer, thereby endangering life or property, is subject to forfeiture "*only if the offense is established by proof of a criminal conviction* for the offense." (Emphasis added.) Finally, Minn.Stat. § 609.905, subd. 1, states:

> *When a person is convicted* of [racketeering] the court may order the person to forfeit to the prosecuting authority any real or personal property subject to forfeiture under this section.

(Emphasis added.) The district court determined that although the language in

Minn.Stat. § 481.10 is different from the language contained in the cited forfeiture statutes, the language in Minn.Stat. § 481.10 "has the same thrust."

■ Unlike the criminal-forfeiture statutes cited by the district court, the plain language of Minn.Stat. § 481.10 does not state that a criminal conviction is a prerequisite to a civil penalty. Further, the intent of Minn.Stat. § 481.10 is very different from the intent of the forfeiture statutes cited by the district court. The forfeiture statutes pertain to the government's ability to confiscate property used to support criminal activity. Here, the statute provides a separate civil remedy for the person aggrieved by a prison officer or employee's actions. The statute does not state that the prison official must *first* be convicted of a misdemeanor for violating the statute. Instead, it prescribes both criminal and civil remedies; neither of which is a prerequisite to the other.

Additionally, as Ligons observes, the relevant language in Minn.Stat. § 481.10 is virtually identical to language in the attorney-misconduct statute, Minn.Stat. § 481.071 (1998), which states:

> Every attorney * * * who shall be guilty of any deceit or collusion, or shall consent thereto, with intent to deceive the court or any party, or who shall delay the attorney's client's suit with a view to the attorney's own gain, shall be guilty of a misdemeanor *and, in addition to the punishment prescribed by law therefor,* shall forfeit to the party injured treble damages, to be recovered in a civil action.

(Emphasis added.) This language is also identical to the language in Minn.Stat. § 481.07 (1998), which states:

---

**2.** This section was amended during the 2000 legislative session. The section now provides that inmates in state correctional facilities shall have telephone access to legal counsel "following the request of the person restrained and in accordance with policies adopted by the institution that meet constitutional requirements." 2000 Minn. Laws ch.

408. The amended section also states that the section's prescribed penalties are inapplicable to officers or employees at state correctional facilities. *Id.* The parties agree that because this action commenced before the effective date of the amendments, the amendments do not apply to this case.

An attorney who, with intent to deceive a court or a party to an action or judicial proceeding, is guilty of or consents to any deceit or collusion, shall be guilty of a misdemeanor; *and, in addition to the punishment prescribed therefor,* the attorney shall be liable to the party injured in treble damages.

(Emphasis added.) Neither this court nor the supreme court has ever stated that a criminal conviction is required before permitting the recovery of treble damages under Minn.Stat. §§ 481.07, .071. *Cf. Admiral Merchants Motor Freight, Inc. v. O'Connor & Hannan,* 494 N.W.2d 261, 268 (Minn.1992) (stating whether claimant is entitled to treble damages under Minn. Stat. §§ 481.07, .071 may be submitted to jury if court finds some credible evidence of intent to deceive).

Therefore, we conclude that the district court erred when it determined that a civil recovery is not available under Minn.Stat. § 481.10 absent a criminal conviction.

## II.

Appellants assert that summary judgment was improper because judging reasonableness under Minn.Stat. § 481.10 is a factual determination.[3] The district court reviewed the Department of Corrections (DOC) and facility policies and determined that these policies provided reasonable access.

Minn.Stat. § 481.10 states that "reasonable telephone access to the attorney shall be provided." We note that reasonableness tests are often termed questions of fact. *See In re Estate of Van Den Boom,* 590 N.W.2d 350, 354 (Minn.App.1999) (observing reasonableness of attorney fees is question of fact), *review denied* (Minn. May 26, 1999); *Burbach v. Armstrong Rigging & Erecting, Inc.,* 560 N.W.2d 107, 110 (Minn.App.1997) (stating reasonableness of Miller–Shugart settlement is question of fact), *review denied* (Minn. June 11, 1997). However, reasonableness can be determined as a matter of law where underlying facts are not in dispute. *See Baker v. Chaplin,* 517 N.W.2d 911, 917 (Minn. 1994) (stating reasonableness of officer's use of force is legal question but question could not be resolved until disputed underlying facts and circumstances resolved); *Sackett v. Storm,* 480 N.W.2d 377, 379, 382 (Minn.App.1992) (recognizing whether property owner intended to dedicate land and whether public accepted dedication are generally fact questions but upholding summary judgment where evidence of owner's intent and public acceptance was undisputed), *review denied* (Minn. Mar. 26, 1992); *cf. State v. Olson,* 436 N.W.2d 92, 94 (Minn.1989) (stating, in considering whether police had probable cause to make arrest, reasonableness of officer's actions is reviewed independently on appeal), *aff'd,* 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990).

Here, determining the reasonableness of DOC and facility policies did not require the resolution of disputed underlying factual issues. The district court did not err by deciding this issue on summary judgment. Thus, we review its legal conclusion on the reasonableness of DOC and facility policies.

The relevant DOC policy states:

When legal business cannot be accomplished by U.S. mail, an offender may request an approved telephone contact with an attorney. Designated staff will review the call for approval. Staff will place the call and verify that the requested party is available and willing to accept the call. Telephones for approved legal calls will not be subject to any monitoring activity. The facility will not charge offenders for approved legal calls.

Minnesota Dep't of Corrections, Div. Directive 302.210, § B(4) (July 1, 1999). The Stillwater Correctional Facility's policy on legal telephone calls provides:

---

3. Ligons, Hendrickson, and Mullins all address this issue in some manner.

In situations where phone contact is necessary, the inmate shall send a kite to his Case Manager 24 hours in advance of the requested call. The request must include the name of the attorney, the phone number and a specific explanation of why this communication cannot be handled through U.S. mail. Approval of requests are at the discretion of the inmate's Case Manager.

Minnesota Correctional Facility–Stillwater, Policy T–1, § IV(B) (Dec. 31, 1998). The Oak Park Heights policy states:

An inmate's primary means for conducting legal business [is] the U.S. Mail. Occasionally, an inmate may require a telephone contact with his attorney. In situation where phone contact is required, the inmate shall send a request via the inmate kite system to his Case Manager by 8:00 a.m. the day the call is desired. The request must include the name of the attorney, the telephone number, time, and a specific explanation of why this communication cannot be handled through the other means.

Minnesota Correctional Facility–Oak Park Heights, Policy T–1 at 4 (Apr.1998).

Ligons contends that Minn.Stat. § 481.10 precludes DOC and prison personnel from exercising any discretion in permitting prisoners to make calls to their attorneys. He asserts that because the statute requires prison personnel to provide prisoners with private, in-person consultations with attorneys, absent imminent danger of escape, and because the statute also mandates that prison personnel must notify attorneys of prisoners' request for consultation, telephone access should also be mandatory. What Ligons fails to note is that the statute specifically allows prison personnel to limit inmate calls to "reasonable telephone access." The statute, by definition, allows for discretion.

The facility policies do not require inmates to provide details of the content of the calls they request. Instead, the policies require only that an inmate provide his attorney's name and telephone number and an explanation of why the inmate cannot contact his attorney by mail. Requiring inmates to list their attorney's name and telephone number on their request allows case managers to confirm that the call is really being made to an attorney and permits case managers to make arrangements with the attorney for the call. Requiring inmates to give details about why they cannot communicate through the mail is not unreasonable. It simply requires them to provide details such as upcoming court dates or filing deadlines. Those are matters of public record and do not interfere with an inmate's right to talk confidentially to an attorney. This policy is a reasonable attempt to limit attorney calls to those that are really necessary. DOC points out that they need reasonable control over outside telephone calls. Otherwise, case managers would be inundated with requests, and would end up spending an inordinate amount of their time arranging telephone calls.[4] We conclude, as the district court did, that DOC and its facility policies do not violate the reasonableness requirement of Minn.Stat. § 481.10.

Ligons asserts that the policies violate inmates' Sixth–Amendment right to confidential communications with counsel and their right to be free from compelled speech as provided by the First and Fifth Amendments and the Due Process Clause. Ligons did not raise these issues to the district court. Thus, we need not address these issues on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (stating appellate court generally will not consider issues not argued and decided below). The district court did note that some reasonable restriction on inmates'

---

4. Ligons asserts that the DOC could install pre-programmed phone systems in its facilities, which would eliminate potential abuse or the need for institutional oversight. Determining the type of technology DOC "should install" in its facilities is beyond the statute and beyond the scope of this court's review.

ability to access counsel by telephone does not deny inmates "their constitutional right to access the courts and counsel." There is support for this conclusion. *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir.1992) (stating "[a]lthough prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use" (citations omitted)); *Ingalls v. Florio*, 968 F.Supp. 193, 203–04 (D.N.J.1997) (recognizing limited access to telephone calls is not constitutional violation as long as inmates can communicate with their counsel in writing or in person).

### III.

The district court observed that Williams sought negligence damages rather than damages under Minn.Stat. § 481.10, but the district court did not distinguish between Williams's negligence claim and the other appellants' statutory claims in its conclusions.

In a negligence action, the plaintiff must demonstrate that (a) "the defendant has a legal duty to the plaintiff to take some action"; (b) the defendant breached that duty; (c) the breach was the proximate cause of harm to the plaintiff; and (d) the plaintiff suffered damage. *Gilbertson v. Leininger*, 599 N.W.2d 127, 130 (Minn.1999) (citation omitted). Absent a legal duty, a negligence claim fails. *Id.* Generally, the existence of a legal duty is a question of law. *Donaldson v. Young Women's Christian Ass'n*, 539 N.W.2d 789, 792 (Minn.1995).

Williams states that respondents "owed him a duty" to permit him to make calls to his attorney and the courts. As a general proposition, prisons and prison officials have a duty to protect inmates. *See id.*, 539 N.W.2d 789, 792 (Minn.1995) (stating special relationship giving rise to duty to protect generally exists where "persons * * * have custody of another person under circumstances in which that other person is deprived of normal opportunities of self-protection" (citation omitted)). Here, however, Williams is not asserting a breach of any duty to protect but is instead asserting a breach of a duty to provide telephone calls. We find no such duty in common law; a basis for a negligence claim cannot be read into Minn.Stat. § 481.10. The issue is not "telephone calls" per se, but rather, reasonable access to telephones, and we have affirmed the district court on that issue. Thus, although the district court failed to specifically address Williams's negligence claim in its decision, respondents were entitled to summary judgment against Williams as a matter of law. *See Myers by Myers v. Price*, 463 N.W.2d 773, 775 (Minn.App. 1990) (stating appellate court will affirm summary judgment if it can be sustained on any grounds), *review denied* (Minn. Feb. 4, 1991).

### DECISION

The district court erred in concluding that Minn.Stat. § 481.10 (1998) requires a criminal conviction before a civil remedy may be sought. The district court did not err in concluding, as a matter of law, that DOC and correctional facility policies regulating telephone calls for legal purposes do not violate the reasonableness requirement within Minn.Stat. § 481.10. Further, although the district court did not specifically address Williams's negligence claim, his claim fails as a matter of law. The district court properly granted summary judgment to respondents.

**Affirmed.**