Royal JORGENSEN, et al., Respondents,

v.

Debra L. KNUTSON, Debtor,

and

Milbank Insurance Company, Appellant.

No. C8–01–1685.

Court of Appeals of Minnesota.

April 16, 2002.

Craig E. Johnson, Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, ND, for respondents.

Troy A. Wolf, Smith, Bakke, Hovland & Oppegard, Moorhead, MN, for appellant.

Considered and decided by ANDERSON, Presiding Judge, and HARTEN, Judge, and STONEBURNER, Judge.

## OPINION

HARTEN, Judge.

After respondents insureds and the accident victim entered into a Miller–Shugart agreement, the victim brought this action against respondents as defendants and appellant insurer as garnishee. Appellant moved for summary judgment on the ground that there was no coverage on the date of the accident because the insureds had been sent a notice canceling their policy for nonpayment of the premium; respondents moved for partial summary judgment on the ground that the notice of cancellation was void. The district court denied appellant's motion and granted partial summary judgment, concluding that the cancellation notice was void because Minn.Stat. § 645.15 (2000) applies to insurance policy cancellation notices. Appellant then contested the reasonableness of the Miller–Shugart agreement. Following a bench trial, the agreement was found to be reasonable, and judgment for the amount of the policy was awarded against appellant. Appellant now challenges both the application of Minn.Stat. § 645.15 and the reasonableness of the Miller–Shugart agreement. We affirm.

## FACTS

Debra and James Knutson had an automobile insurance policy with appellant Milbank Insurance Company (Milbank). Milbank notified the Knutsons in September 1993 that their premium was due on 26 October 1993. Milbank, however, had not received payment by 10 November 1993 when it sent the Knutsons a notice of cancellation, telling them that their policy would be cancelled as of 12:01 a.m. on 22

November 1993 unless payment was received before that time.

Milbank did not receive payment from the Knutsons until 8 December 1993, six days after Debra Knutson had a car accident in which respondent Royal Jorgensen was injured. Because the Knutsons' policy had been cancelled, Milbank sent the Knutsons a refund of their premium on 13 December 1993.

## ISSUES

1. Does Minn.Stat. § 645.15 (2000) apply to cancellation of insurance coverage under Minn.Stat. § 65B.16 (2000)?

2. Is the amount a jury could have awarded a proper test for the reasonableness of a Miller–Shugart agreement?

## ANALYSIS

### 1. Application of Minn.Stat. § 645.15

■ The application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court. *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 892 (Minn.1996).

■ It is undisputed that, on 10 November 1993, Milbank sent the Knutsons notice that their policy would be cancelled for nonpayment of the premium at 12:01 a.m. on 22 November 1993 unless payment was received before that time. The statute governing cancellation provides:

No notice of cancellation * * * of an automobile insurance policy under section 65B.15 shall be effective unless * * * the notice is mailed or delivered by the insurer to the named insured[.] * * * [W]hen nonpayment of premium is the reason for cancellation * * * at least ten days' notice of cancellation, and the reasons for the cancellation, shall be given.

Minn.Stat. § 65B.16 (2000). Minn.Stat. § 645.15 (2000) provides that

[w]here the performance or doing of any act, duty, matter, payment, or thing is ordered or directed, and the period of time or duration for the performance or doing thereof is prescribed and fixed by law, the time * * * shall be computed so as to exclude the first and include the last day of the prescribed or fixed period or duration of time. When the last day of the period falls on Saturday, Sunday or a legal holiday, that day shall be omitted from the computation.

The ten days' notice of cancellation is a "period of time" for the payment of a premium that is "prescribed and fixed by law." Accordingly, 10 November, the first day of the ten-day period, must be excluded from the computation, and 20 November, the last day, must be included. But, in 1993, 20 November fell on Saturday, so that day was omitted from the computation, as was Sunday, 21 November. Accordingly, the tenth day of the statutory period fell on Monday, 22 November.

To be effective, a notice of cancellation sent on 10 November 1993 could not have provided for cancellation before 12:01 a.m. on 23 November. *See Ophus v. Tri–State Ins. Co.*, 392 N.W.2d 653, 656 (Minn.App. 1986) (holding that notice of cancellation is not effective unless it complies with the time requirements of Minn.Stat. § 65B.16), *review denied* (Minn. 22 Oct. 1986). Therefore, because Milbank's notice of cancellation was ineffective, the Knutsons continued to be insured at the time of the accident.

### 2. The Miller–Shugart Settlement

■ The reasonableness of a Miller–Shugart agreement is properly evaluated in a bench trial that includes not only the customary evidence on liability and damages but also evidence of verdicts in com-

parable cases, the likelihood of favorable rulings on evidentiary issues if the underlying matter were to be tried, and other factors of forensic significance. *Alton M. Johnson Co. v. M.A.I. Co.*, 463 N.W.2d 277, 279 (Minn.1990). Reasonableness is a question of fact. *Id.* A district court's findings of fact are given great deference and are not set aside unless clearly erroneous. *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn.1999).

■ The district court found that the Miller–Shugart settlement of $150,000 was reasonable on the ground that a jury could have awarded respondents that amount:

> This Court has presided over cases where the jury, on similar property damage and less evidence of personal injury, awarded the plaintiff over $200,000. A person in Ms. Knutson's position would be justified in limiting her exposure by agreeing to a settlement of $150,000, even though she may have realized a lesser amount if the matter had been tried.[1]

Milbank contends that whether a jury could have awarded the amount of a settlement is an inappropriate standard for reasonableness. But this court has used that standard repeatedly in Miller–Shugart cases. *See, e.g., Brownsdale Coop. Ass'n v. Home Ins. Co.*, 473 N.W.2d 339, 342 (Minn.App.1991) (upholding a Miller–Shugart settlement for an amount exceeding the policy limit because the jury could have found the defendant liable for that amount), *review denied* (Minn. 25 Sept. 1991); *Hartfiel v. McLennan*, 430 N.W.2d 215, 219 (Minn.App.1988) (reasonableness of a Miller–Shugart settlement depends on whether it was entered into at a time when the jury could have found the defendants liable and could have found damages in excess of the amount of the settlement); *Osgood v. Med. Inc.*, 415 N.W.2d 896, 903

(Minn.App.1987) (issue when determining reasonableness is not whether party seeking indemnification would have been liable for at least the amount of the settlement but rather whether that party could have been liable under the facts shown at trial), *review denied* (Minn. 12 Feb. 1988).

We conclude that, given the precedents for the use of the "what a jury could have found" standard, the district court did not abuse its discretion in using that standard to find that the Miller–Shugart settlement was reasonable.

### DECISION

Because Minn.Stat. § 645.15 (2000) applies to insurance cancellation notices, Milbank's cancellation notice was ineffective, and the partial summary judgment determining that the Knutsons had coverage at the time of respondent's accident is affirmed. We also affirm the judgment finding the Miller–Shugart settlement reasonable.

**Affirmed.**

■

---

1. The limit of the Milbank policy was $100,000.